**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

TIFFANY GRAYS,

       Plaintiff,

v.

BLACKHAWK ACQUISITION LLC and
SHANE BORN,

       Defendants.

Civil Action No. 20-CV-00451

**DEFENDANT BLACKHAWK ACQUISITION LLC'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

       Defendant Blackhawk Acquisition LLC ("Defendant" or "ProMax"), through its counsel, submits the following Answer to Plaintiff's Third Amended Complaint.  ProMax denies all allegations in the Third Amended Complaint ("Complaint") that it does not expressly admit in this Answer.  ProMax further denies that it willfully or negligently violated any law, either individually, or collectively with any other individual or entity.  Defendant responds to the specific allegations in the enumerated paragraphs of the Complaint as follows:

**As to Section A, Plaintiff Information:**

       Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to Plaintiff's current information.

**As to Section B, Defendant(s) Information:**

       Defendant admits the telephone number listed for Blackhawk Acquisition, LLC is accurate but denies the address listed for Defendant is accurate.  Defendant admits Shane Born works at 2900 AAA Court, Bettendorf, IA 52722, and admits the email address and telephone number alleged are accurate.

1

**As to Section C, Jurisdiction:**

Defendant admits it is formed under the laws of Delaware, with a principal place of business in Iowa. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to Plaintiff's current state citizenship information. The remaining allegations contain legal conclusions to which no response is necessary.

**As to Section D, Statement of Claims:**

21. Paragraph 21 contains legal conclusions to which no response is required.

22. Defendant denies the allegations of Paragraph 22.

23. Paragraph 23 contains allegations which refer to a document that speaks for itself. To the extent the allegations vary from the contents of the document, they are denied. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterization of the law and denies that it is complete and accurate. Defendant denies the remaining allegations.

24. Defendant denies the allegations of Paragraph 24.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterization of the law and denies that it is complete and accurate.

26. As to paragraph 26, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them. Defendant specifically denies that it engaged in fraudulent concealment and demands strict proof thereof.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. As to paragraph 31, Defendant incorporates each of its admissions and denials by reference as if set forth fully herein.

32. As to paragraph 32, Defendant incorporates each of its admissions and denials by reference as if set forth fully herein.

### As to Section E, Request for Relief:

160. As to paragraph 160, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

### As to Section F, Plaintiff's Signature:

This section contains a certification by Plaintiff that the information in the Complaint is true and correct, to which no response is required. To the extent a response is required, Defendant denies any factual allegations in the Complaint not otherwise specifically admitted.

### D. STATEMENT OF CLAIMS - INTRODUCTION

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterization of the law and denies that it is complete and accurate. Defendant denies all factual allegations pertaining to Defendant, Plaintiff's alleged damages, or Plaintiff's right to relief.

### FACTS

2. As to paragraph 2, Defendant incorporates each of its admissions and denials by reference as if set forth fully herein.

3.      As to paragraph 3, Defendant denies that it ignored requests to resolve Plaintiff's issue. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

4.   Paragraph 4 contains allegations which refer to a document that speaks for itself.  To the extent the allegations vary from the contents of the document, they are denied.  ProMax admits it is registered to conduct business in Colorado and offers automotive software solutions for dealerships.  ProMax admits it was acting as a reseller, as that term is defined by the Fair Credit Reporting Act, during the time frame relevant to Plaintiff's claims, when Plaintiff applied for credit through AutoMart USA, LLC and TSG Auto. Defendant denies the remaining allegations.

5.      As to paragraph 5, ProMax admits that Defendant Shane Born ("Born") is Chief Operating Officer of ProMax.  Defendant denies the remaining allegations.

6.      As to paragraph 6, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

7.      Defendant denies the allegations in paragraph 7.

8.      As to paragraph 8, Defendant admits that AutoMart USA LLC ("AutoMart") is a customer of ProMax.  Defendant denies it violated any legal obligations or caused any damages to Plaintiff.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

9.      Paragraph 9 contains allegations which refer to a document that speaks for itself.  To the extent the allegations vary from the contents of the document, they are denied.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

concerning AutoMart's alleged actions and, on that basis, denies them.  Defendant denies the remaining allegations.

10. Defendant denies the allegations in paragraph 10.

11. Paragraph 11 contains allegations which refer to a document that speaks for itself.  To the extent the allegations vary from the contents of the document, they are denied.  Defendant denies the remaining allegations.

12. Paragraph 12 contains allegations which refer to a document that speaks for itself.  To the extent the allegations vary from the contents of the document, they are denied.  Defendant denies the remaining allegations.

13. Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies Plaintiff's characterization of the law and denies that it is complete and accurate.

14. As to paragraph 14, Defendant admits Plaintiff submitted a credit application.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's intent and, on that basis, denies them.  Defendant denies the remaining allegations.

15. Defendant denies the allegations in paragraph 15.

16. As to paragraph 16, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. As to paragraph 19, Defendant denies that it accessed Plaintiff's consumer report without

permissible purpose.  As to the remaining allegations of paragraph 19, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies them.

20.     As to paragraph 20, Defendant admits it provides software solutions to automotive dealerships.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to Plaintiff's intentions and, on that basis, denies them. Defendant denies the remaining allegations.

## CAUSES OF ACTION

### Violations of 15 § U.S.C. 1681 et seq
### FAIR CREDIT REPORTING ACT

#### i.     Consumer Reporting Agency

33.     As to paragraph 33, Defendant incorporates each of its admissions and denials by reference as if set forth fully herein.

34.     Defendant denies the allegations in paragraph 24.

35.     ProMax admits it was acting as a reseller consumer reporting agency, as that term is defined by the Fair Credit Reporting Act, during the time frame relevant to Plaintiff's claims, when Plaintiff applied for credit through AutoMart USA, LLC and TSG Auto.  ProMax denies the remaining allegations.

36.     ProMax admits it was acting as a reseller consumer reporting agency, as that term is defined by the Fair Credit Reporting Act, during the time frame relevant to Plaintiff's claims, when Plaintiff applied for credit through AutoMart USA, LLC and TSG Auto.  ProMax denies the remaining allegations.

37.     ProMax admits it was acting as a reseller consumer reporting agency, as that term is

defined by the Fair Credit Reporting Act, during the time frame relevant to Plaintiff's claims, when Plaintiff applied for credit through AutoMart USA, LLC and TSG Auto.  ProMax denies the remaining allegations.

38. ProMax admits it was acting as a reseller consumer reporting agency, as that term is defined by the Fair Credit Reporting Act, during the time frame relevant to Plaintiff's claims, when Plaintiff applied for credit through AutoMart USA, LLC and TSG Auto.  ProMax denies the remaining allegations.

39. Defendant denies the allegations in paragraph 39.

40. Paragraph 40 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies Plaintiff's characterization of the law and denies that it is complete and accurate.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. ProMax admits it was acting as a reseller consumer reporting agency, as that term is defined by the Fair Credit Reporting Act, during the time frame relevant to Plaintiff's claims,

when Plaintiff applied for credit through AutoMart USA, LLC and TSG Auto. ProMax specifically denies that it received any information from furnishers, as that term is defined by the Fair Credit Reporting Act and associated regulations, and denies the remaining allegations.

51.     Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterization of the law and denies that it is complete and accurate. Defendant denies the remaining allegations.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

54.     Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterization of the law and denies that it is complete and accurate. Defendant denies the remaining allegations.

55.     Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterization of the law and denies that it is complete and accurate. Defendant denies the remaining allegations.

56.     Defendant denies the allegations in paragraph 56.

57.     Defendant denies the allegations in paragraph 57 and denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

58.     ProMax admits it was acting as a reseller consumer reporting agency during the time frame relevant to Plaintiff's claims, when Plaintiff applied for credit through AutoMart USA, LLC and TSG Auto. ProMax denies that it has any responsibilities for the content of any adverse action notices under the Fair Credit Reporting Act and asserts that, in any event, the Fair

Credit Reporting Act does not provide a private cause of actions for violations for 15 U.S.C. § 1681m(a). ProMax denies the remaining allegations.

59. ProMax admits it was acting as a reseller consumer reporting agency, as that term is defined by the Fair Credit Reporting Act, during the time frame relevant to Plaintiff's claims, when Plaintiff applied for credit through AutoMart USA, LLC and TSG Auto. ProMax denies the remaining allegations.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. As to paragraph 62, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

### ii.     Furnisher of Information to CRA's

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterization of the law and denies that it is complete and accurate. Defendant denies the remaining allegations.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Paragraph 68 contains allegations which refer to a document that speaks for itself. To the extent the allegations vary from the contents of the document, they are denied. Defendant denies the remaining allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. As to paragraph 79, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

80. Defendant denies the allegations in paragraph 80.

81. As to paragraph 80, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

### iii.     Reseller of Consumer Credit Reports Violations

82. ProMax admits it was acting as a reseller consumer reporting agency, as that term is defined by the Fair Credit Reporting Act, during the time frame relevant to Plaintiff's claims, when Plaintiff applied for credit through AutoMart USA, LLC and TSG Auto.  ProMax denies the remaining allegations.

83. Defendant denies the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Paragraph 88 contains allegations which refer to a document that speaks for itself. To the extent the allegations vary from the contents of the document, they are denied. Defendant denies the remaining allegations.

89. ProMax admits it was acting as a reseller consumer reporting agency, as that term is defined by the Fair Credit Reporting Act, during the time frame relevant to Plaintiff's claims, when Plaintiff applied for credit through AutoMart USA, LLC and TSG Auto. ProMax denies the remaining allegations.

90. ProMax admits it was acting as a reseller consumer reporting agency, as that term is defined by the Fair Credit Reporting Act, during the time frame relevant to Plaintiff's claims, when Plaintiff applied for credit through AutoMart USA, LLC and TSG Auto. ProMax denies the remaining allegations.

91. Defendant denies the allegations in paragraph 91.

92. As to paragraph 92, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

93. Defendant denies the allegations in paragraph 93.

94. Defendant denies the allegations in paragraph 94.

95. Defendant denies the allegations in paragraph 95.

## **FRAUDULENT MISREPRESENTATIONS IN ADVERTISING**
### iv. Violations of C.R.S. § 5-3-110

96. Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterization of the law and denies that it is

complete and accurate.

97. Paragraph 97 contains allegations which refer to a document that speaks for itself. To the extent the allegations vary from the contents of the document, they are denied. Defendant denies the remaining allegations.

98. Defendant denies the allegations in paragraph 98.

99. Paragraph 99 contains allegations which refer to a document that speaks for itself. To the extent the allegations vary from the contents of the document, they are denied. Defendant denies the remaining allegations.

100. Defendant denies the allegations in paragraph 100.

101. Defendant denies the allegations in paragraph 101.

102. Defendant denies the allegations in paragraph 102.

## **BREACH OF CONTRACT**

103. Defendant denies the allegations of paragraph 103.

104. Defendant denies the allegations in paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. Defendant denies the allegations in Paragraph 106.

107. Defendant denies the allegations in paragraph 107.

108. Defendant denies the allegations in paragraph 108.

109. As to paragraph 109, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

110. As to paragraph 110, Defendant denies all factual allegations pertaining to Plaintiff's

alleged damages or right to relief.

## OUTRAGEOUS CONDUCT

111. Defendant denies the allegations in paragraph 111.

112. Defendant denies the allegations in paragraph 112.

113. Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in paragraph 114.

115. As to paragraph 115, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

116. As to paragraph 116, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

117. The Complaint does not contain a paragraph 117.

## CONSUMER CREDIT CODE, COLO. REV. STAT. §§ 5-1-101, et seq. ("UCCC")

118. Defendant denies the allegations in paragraph 118.

119. Defendant denies the allegations in paragraph 119.

120. Defendant denies the allegations in Paragraph 120.

121. Defendant denies the allegations in paragraph 121.

122. Defendant denies the allegations in paragraph 122.

123. As to paragraph 123, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

124. As to paragraph 124, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

125. As to paragraph 125, Defendant denies all factual allegations pertaining to Plaintiff's

alleged damages or right to relief.

## VIOLATIONS OF THE COLORADO UNIFORM COMMERCIAL CODE, COLO. REV. STAT. §§ 4-1- 301, et seq. ("UCC")

126. Paragraph 126 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff's characterization of the law and denies that it is complete and accurate.

127. Defendant denies the allegations in paragraph 127.

128. As to paragraph 128, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

## VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT, COLO. REV. STAT. §§ 6-1- 101 et seq. ("CCPA")

129. Defendant denies the allegations in paragraph 129.

130. Defendant denies the allegations in paragraph 130.

131. Defendant denies the allegations in paragraph 131.

132. Defendant denies the allegations in paragraph 132.

133. Defendant denies the allegations in paragraph 133.

134. Defendant denies the allegations in paragraph 134.

135. As to paragraph 135, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

136. As to paragraph 136, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

## NEGLIGENT MISREPRENSATIONS IN TERMS AND CONDITIONS OF CREDIT CHECK

137. Defendant denies the allegations of Paragraph 137.

138. Defendant denies the allegations of Paragraph 138.

139. Defendant denies the allegations in paragraph 139.

140. Defendant denies the allegations in paragraph 140.

141. Defendant denies the allegations in paragraph 141.

142. Defendant denies the allegations in paragraph 142.

143. As to paragraph 143, Defendant denies all factual allegations pertaining to Plaintiff's alleged damages or right to relief.

## RESPONDEAT SUPERIOR (BORN)

144. Paragraph 144 contains allegations directed to a third party and thus no response is required. To the extent a response is required, Defendant denies the allegations.

145. Paragraph 145 contains allegations directed to a third party and thus no response is required. To the extent a response is required, Defendant denies the allegations.

146. Paragraph 146 contains allegations directed to a third party and thus no response is required. To the extent a response is required, Defendant denies the allegations.

147. Paragraph 147 contains allegations directed to a third party and thus no response is required. To the extent a response is required, Defendant denies the allegations.

148. Paragraph 148 contains allegations directed to a third party and thus no response is required. To the extent a response is required, Defendant denies the allegations.

## NEGLIGENCE (BORN)

149. Paragraph 149 contains allegations directed to a third party and thus no response is required. To the extent a response is required, Defendant denies the allegations.

150. Paragraph 150 contains allegations directed to a third party and thus no response is

required.  To the extent a response is required, Defendant denies the allegations.

151. Paragraph 151 contains allegations directed to a third party and thus no response is required.  To the extent a response is required, Defendant denies the allegations.

152. Paragraph 152 contains allegations directed to a third party and thus no response is required.  To the extent a response is required, Defendant denies the allegations.

153. Paragraph 153 contains allegations directed to a third party and thus no response is required.  To the extent a response is required, Defendant denies the allegations.

154. Paragraph 154 contains allegations directed to a third party and thus no response is required.  To the extent a response is required, Defendant denies the allegations.

155. Paragraph 155 contains allegations directed to a third party and thus no response is required.  To the extent a response is required, Defendant denies the allegations.

156. Paragraph 156 contains allegations directed to a third party and thus no response is required.  To the extent a response is required, Defendant denies the allegations.

157. Paragraph 157 contains allegations directed to a third party and thus no response is required.  To the extent a response is required, Defendant denies the allegations.

158. Paragraph 158 contains allegations directed to a third party and thus no response is required.  To the extent a response is required, Defendant denies the allegations.

159. Paragraph 159 contains allegations directed to a third party and thus no response is required.  To the extent a response is required, Defendant denies the allegations.

## REQUESTS FOR RELIEF

Answering Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any statutory, actual, special, or punitive damages, or any equitable relief, attorneys' fees, costs, or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that Defendant bears the burden of proof as to any of them, Defendant asserts the following defenses. Defendant intends to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint, and each cause of action thereof, fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief from Defendant.

### Second Affirmative Defense
### (Lack of Standing)

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail herself of the rights she claims. The alleged damages, if any, are speculative or uncertain and therefore not compensable.

### Third Affirmative Defense
### (Fault of Plaintiff or Others)

If Plaintiff sustained any loss, injury, damage, or detriment, the same was directly and proximately caused by acts or omissions of Plaintiff or others over whom Defendant had neither control nor responsibility.

### Fourth Affirmative Defense
### (Good Faith/Conformance with Applicable Standards)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Defendant acted in good faith and complied fully with all applicable statutes, laws, and regulations.

### Fifth Affirmative Defense
### (Lack of Intent)

Defendant specifically denies that it acted with any knowledge, willfulness, oppression, fraud, or malice to cause any injury or loss to Plaintiff.

### Sixth Affirmative Defense
### (Contribution)

Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

### Seventh Affirmative Defense
### (Preemption by Federal Law)

Plaintiff's state law claims fail to the extent that they are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

### Eighth Affirmative Defense
### (Other Defenses)

Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE Defendant prays the Court enters judgment in favor of Defendant and dismisses Plaintiff's claims and awards Defendant reasonable attorney's fees and costs and other such further relief as this Court may deem just and proper.

**BLACKHAWK ACQUISITION LLC**

By: /s/ *Courtney E. Bartkus*

Courtney E. Bartkus
Sarah Auchterlonie
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Office: 303.223.1236
cbartkus@bhfs.com
sja@bhfs.com


Rebecca E. Kuehn
Erik M. Kosa
Hudson Cook, LLP
1909 K Street, N.W., 4th Floor
Washington, D.C. 20006
Office: (202) 223-6930
Email: rkuehn@hudco.com
Email: ekosa@hudco.com

*Counsel for Defendant Blackhawk Acquisition LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Tiffany Grays
P.O. Box 472322
Aurora, CO 80047

*Plaintiff, Pro Se*

                                                  By: /s/ *Courtney E. Bartkus*

                                                  Courtney E. Bartkus
                                                  Sarah Auchterlonie
                                                  Brownstein Hyatt Farber Schreck, LLP
                                                  410 Seventeenth Street, Suite 2200
                                                  Denver, CO 80202
                                                  Office: 303.223.1236
                                                  cbartkus@bhfs.com
                                                  sja@bhfs.com

                                                  *Counsel for Defendant Blackhawk Acquisition LLC.*