UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

TIFFANY GRAYS,

        Plaintiff,

v.

BLACKHAWK ACQUISITION LLC and
SHANE BORN

        Defendants.

Civil Action No. 20-CV-00451

### DEFENDANT SHANE BORN'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND <u>FAILURE TO STATE A CLAIM</u>

Defendant Shane Born ("Defendant" or "Mr. Born"), through undersigned counsel, submits his Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

Mr. Born moved to dismiss the last operative complaint on September 16, 2020. (Dkt. 25.) This Court stayed the case pending resolution of Mr. Born's motion on February 16, 2021. (Dkt. 43.) On August 23, 2021, Plaintiff filed a Third Amended Complaint. (Dkt. 52.) Because the Third Amended Complaint contains no new allegations sufficient to establish personal jurisdiction or state a claim against him individually, Mr. Born respectfully requests this Court grant his renewed motion to dismiss.[1]

---

[1] The Third Amended Complaint contains only one new sentence: "Defendant's conduct alleged is performed after Defendants were aware of Plaintiff's claims, yet Defendants intently remained inactive in removing the unpermitted hard inquires to correct Plaintiff's credit; substantiating exemplary and punitive damages." (Dkt. 52, ¶ 20.)

## I.	Introduction

This case arises from Plaintiff's attempt to purchase a vehicle. During her search, Plaintiff submitted at least one application for credit. She claims that in the course of the ensuing credit check, various entities violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").[2] In this suit, she alleges that Blackhawk Acquisition, LLC d/b/a ProMax (hereafter, "ProMax")—a company that merely acts as a conduit between consumer reporting agencies who compile consumer reports and their end users—violated the FCRA.

However, there is simply no reason for Mr. Born, a resident of Iowa, to be named as a defendant in this case.  There are no allegations that Mr. Born himself harmed Plaintiff or has any connection to Plaintiff's claims beyond the simple fact that he is employed by ProMax, and there are no allegations that Mr. Born was the alter ego of ProMax or had an "identity of interest" with ProMax sufficient to permit the Court to pierce the corporate veil and hold Mr. Born liable for the acts of his company.

Simply put, there is no reason to subject this individual defendant to the burdens of litigation. While it is understandable that a plaintiff proceeding *pro se* may sometimes name improper parties, the Third Amended Complaint (Dkt. 52; hereafter, "Complaint") is devoid of a single factual allegation giving rise to jurisdiction over Mr. Born in this forum or supporting a cognizable legal claim against him.

---

[2]	Plaintiff has filed two additional lawsuits arising from this transaction. *See Grays v. AutoMart et al.*, No. 1:18-cv-01761 (D. Colo.); *Grays v. TSG Auto et al.*, No. 1:18-cv-01762 (D. Colo.).

2

**II.     Argument**

The Court should dismiss the Complaint against Mr. Born for two reasons. First, this Court lacks personal jurisdiction over Mr. Born because the Complaint contains no well-pled allegations that any of Mr. Born's alleged conduct occurred in or was directed at Colorado. Second, Plaintiff's Complaint has failed to allege that Mr. Born improperly obtained her consumer report, which is fatal to her claims against him.

**a.     This Court Lacks Personal Jurisdiction Over Mr. Born.**

A plaintiff bears the burden of proving the existence of personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Personal jurisdiction in this case is based on Colorado's long-arm statute and whether exercising jurisdiction over Mr. Born would comport with due process. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 613 (10th Cir. 2012). Because Colorado's long-arm statute is intended to extend personal jurisdiction to the extent permissible under the due process clause, the statutory inquiry merges with the constitutional inquiry. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005), *as modified on denial of reh'g* (Dec. 19, 2005). Personal jurisdiction over a nonresident defendant satisfies due process only where there are sufficient "minimum contacts" between the defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

Mr. Born is currently Chief Operating Officer of ProMax. (Born Decl. ¶ 3.) He is a nonresident of Colorado and has had no purposeful contacts with Colorado related to Plaintiff's claims. (Born Decl. ¶ 4.) Mr. Born resides and works in Iowa. (Born Decl. ¶ 5.) He has never traveled to Colorado on ProMax business. (Born Decl. ¶ 6.) Mr. Born does not maintain an office

in Colorado. (Born Decl. ¶ 7.)  He does not regularly travel to Colorado. (Born Decl. ¶ 8.) Mr. Born has not personally solicited business from any Colorado entities involved in the conduct giving rise to this lawsuit. (Born Decl. ¶ 9.)

        i.       <u>There is no general jurisdiction.</u>

Personal jurisdiction under the Due Process Clause can be either general and all-purpose, or specific and linked only to the case at hand. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). General jurisdiction, which permits nonresidents to be sued for conduct unrelated to the forum State, is only appropriate when the defendant's connections with the forum state are so "continuous and systematic" as to render the defendant "essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Because it is not related to the conduct at hand in the suit, this test is more stringent, "requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Id.* at 904.

Mr. Born works and resides in Iowa. (Born Decl. 5.) Thus, by definition, he is not "at home" in Colorado. Nor are there any other "exceptional" circumstances that would render Mr. Born comparable to a Colorado resident. The Complaint contains no allegations that Mr. Born interacted with Colorado at all, let alone allegations of operations "so substantial and of such a nature as to render the [defendant] at home in [the] State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). Because the Complaint does not allege that Mr. Born has sufficient contacts with Colorado to satisfy the general jurisdiction standard, the only issue at hand is specific jurisdiction.

        ii.      <u>There is no specific jurisdiction.</u>

In order to exercise specific jurisdiction over Mr. Born, Plaintiff must make a *prima facie* showing that he purposefully directed his activities at residents of Colorado and this litigation

4

results from alleged injuries arising from those activities. *Fairbrother v. Am. Monument Found., LLC,* 340 F. Supp. 2d 1147, 1154 (D. Colo. 2004). In other words, the allegations must show that his contacts with this forum are more than just "random, fortuitous, or attenuated," such that he could "reasonably anticipate being haled into court" here. *Monge v. RG Petro-Mach. (Grp.) Co. Ltd.*, 701 F.3d 598, 613 (10th Cir. 2012).

To establish that Mr. Born has sufficient minimum contacts with Colorado, Plaintiff must show that he "purposefully directed [his] activities at residents of the forum state," and that "the plaintiff's injuries . . . arise out of [Mr. Born's] forum-related activities." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017). The court must therefore examine the "quantity and quality" of Mr. Born's contacts with Colorado and determine whether a nexus exists between those contacts and Plaintiff's cause of action. *Id.* at 913.

Mr. Born did not purposefully direct any tortious conduct towards Colorado and none of Plaintiff's claimed damages arise from any alleged Colorado contacts by Mr. Born. Plaintiff's Complaint contains no well-pled allegations of tortious conduct by Mr. Born. The only allegation specific to Mr. Born in the Complaint is simply that he was aware of Plaintiff's claims regarding her credit report and did not take the action Plaintiff desired. (*See* Compl. ¶¶ 5, 145-46, 149-52.) Even if Mr. Born failed to respond to Plaintiff's request, or responded inadequately, none of those alleged failures relate to conduct in Colorado. "It is not enough that a plaintiff is a resident of the forum and suffered harm there." *Int'l Ass'n of Certified Home Inspectors v. Lesh*, No. 18-CV-0454-WJM-SKC, 2018 WL 6249908, at *4 (D. Colo. Nov. 29, 2018).

Courts routinely hold that personal jurisdiction does not exist over FCRA defendants that conducted their activities outside the forum state. In *Zellerino v. Roosen*, for example, a

Michigan resident sued California defendants in Michigan, alleging that the defendants accessed the plaintiff's report without a permissible purpose. 118 F. Supp. 3d 946, 948 (E.D. Mich. 2015). The court held that it did not have personal jurisdiction over defendants because their conduct of accessing the plaintiff's report in California "cannot furnish a basis for them to be sued in a Michigan court, ***even though the plaintiff felt the impact of that privacy breach in Michigan***." *Id.* at 952 (emphasis added).

There is simply no basis for bringing Mr. Born before this Court as a defendant. Plaintiff does not allege that Mr. Born was the alter ego of ProMax or had an "identity of interest" with ProMax sufficient to permit the Court to pierce the corporate veil and hold him individually liable. *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987) ("Where the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction"); *Cherry Creek Card & Party Shop, Inc. v. Hallmark Mktg. Corp.*, 176 F. Supp. 2d 1091, 1097 (D. Colo. 2001) (finding the corporate veil should be pierced only "reluctantly and cautiously" and not where there is "no evidence that the corporate form has been ignored in any way"). All of Plaintiff's jurisdictional allegations as to Mr. Born are vague, conclusory, speculative, and cannot serve as the basis for showing Mr. Born purposefully directed his conduct at Colorado. This Court should dismiss the Complaint against Mr. Born for lack of personal jurisdiction.

      **b.**     **Plaintiff Cannot State a Claim Against Mr. Born.**

Even if this Court determines it has personal jurisdiction over Mr. Born, it should dismiss Plaintiff's claims against Mr. Born pursuant to Federal Rule of Procedure 12(b)(6). To state a

claim for relief, Plaintiff's allegations must be sufficient to raise Plaintiff's right to relief above a speculative level; her allegations must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Importantly, allegations of fraud are subject to a higher pleading standard and "must state with particularity the circumstances constituting [the] fraud[.]" Fed. R. Civ. P. 9(b). Specifically, the Complaint must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof[.]" *Jensen v. Am.'s Wholesale Lender*, 425 F. App'x 761, 763 (10th Cir. 2011).

The FCRA, 15 U.S.C. §§ 1681 *et seq.*, governs the collection, assembly, and use of consumer report information. The statute sets forth the obligations of each type of participant in the credit reporting ecosystem: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. The FCRA is designed to (1) prevent the misuse of consumer information by limiting its use to those with a legitimate need for it; (2) improve the accuracy and integrity of consumer reports; (3) and maintain the health of the consumer credit system. 40 YEARS OF EXPERIENCE WITH THE FAIR CREDIT REPORTING ACT (FTC July 2011), at 1.

Though she repeats boilerplate elements from various portions of the FCRA in an attempt to find a cause of action against Mr. Born,[3] Plaintiff's only possible claim against an individual defendant is that he allegedly obtained a consumer report under false pretenses in violation of 15 U.S.C. § 1681n(b).[4] This provision states:

> [I]n the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, [such a person is liable for] actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater[.]

15 U.S.C. § 1681n(a)(1)(B).[5]

---

[3] The core of Plaintiff's allegations against Mr. Born—repeated using different language throughout the Complaint—is that he "has been aware of Plaintiff's claims and has refused to direct his employees to take appropriate action . . . to correct the unlawful inquires upon the Plaintiff's consumer credit report." (Compl. ¶ 5.)

[4] Although Plaintiff purports to bring state tort claims against Mr. Born styled as "negligence" and "respondeat superior," her state law claim is actually one for negligence per se. The Complaint's core allegation here is that Mr. Born "failed . . . duties outlined in . . . statutes[.]" (Compl. ¶ 152.) Plaintiff's state law allegations against Mr. Born are duplicative of her FCRA allegations. (*See* Compl. ¶¶ 144-48; 149-159.) Because under Colorado law, the essential element of a negligence per se claim is the violation of a statute, this claim fails for the same reasons as her FCRA claim. *Sego v. Mains*, 41 Colo. App. 1, 3, 578 P.2d 1069, 1071 (Colo. Ct. App. 1978). Moreover, while it is difficult to tell from the Complaint whether any of Plaintiff's state statutory claims are directed towards Mr. Born because they contain no allegations specific to him and cannot constitute "fair notice" of the grounds upon which they rest, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), any such claim would be preempted by the FCRA. 15 U.S.C. § 1681t.

[5] Otherwise, liability rests on Section 604 of the FCRA, which prohibits a *consumer reporting agency* from obtaining a consumer report without a permissible purpose. 15 U.S.C. § 1681b. But the complaint has no well-pled allegations that Mr. Born is a consumer reporting agency as defined by the statute. Under the FCRA, a "consumer reporting agency" means:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

8

However, the Complaint has no allegations whatsoever to support the elements of this claim. Plaintiff does not "specify the nature of the false pretenses used," nor can that information be inferred from any allegations in the Complaint, which makes no reference to Mr. Born ever receiving a consumer report. *Anthony v. GE Capital Retail Bank*, No. 114CV2809ALCHBP, 2015 WL 10846141, at *3 (S.D.N.Y. Sept. 30, 2015) (holding lone, conclusory allegation of 15 U.S.C. 1681n violation insufficient to withstand motion to dismiss). This falls well short of Federal Rule of Civil Procedure 9(b)'s requirement to "state with particularity" the circumstances under which Mr. Born allegedly obtained a report under "false pretenses." The allegations are patently insufficient to support any claim against Mr. Born.

### III. Conclusion

The Complaint contains no allegations whatsoever supporting the inclusion of Mr. Born in this case as a defendant. For the foregoing reasons, the claims against Mr. Born should be dismissed.

By: /s/ *Courtney E. Bartkus*

Courtney E. Bartkus
Sarah Auchterlonie
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Office: 303.223.1236

---

15 U.S.C. § 1681a(f). The Complaint fails to allege that Mr. Born regularly engages in the practice of assembling or evaluating consumer credit information for furnishing consumer reports to third parties and thus any claims relating to the failure to perform any duty imposed on consumer reporting agencies cannot be supported.

cbartkus@bhfs.com
sja@bhfs.com

Rebecca E. Kuehn
Erik M. Kosa
Hudson Cook, LLP
1909 K Street, N.W., 4th Floor
Washington, D.C. 20006
Office: (202) 223-6930
Email: rkuehn@hudco.com
Email: ekosa@hudco.com

*Counsel for Defendant Shane Born*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Tiffany Grays
P.O. Box 472322
Aurora, CO 80047

*Plaintiff, Pro Se*


By: /s/ *Courtney E. Bartkus*

Courtney E. Bartkus
Sarah Auchterlonie
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Office: 303.223.1236
cbartkus@bhfs.com
sja@bhfs.com

*Counsel for Defendant Shane Born*