UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

TIFFANY GRAYS,

          Plaintiff,

v.

                                              Civil Action No. 20-CV-00451

BLACKHAWK ACQUISITION LLC and
SHANE BORN

          Defendants.

## DEFENDANT BLACKHAWK ACQUISITION LLC'S AND SHANE BORN'S UNOPPOSED MOTION TO STAY

Defendants Blackhawk Acquisition LLC ("ProMax") and Shane Born (collectively, "Defendants"), through undersigned counsel, submit their motion to stay discovery pending the Court's ruling on Mr. Born's motion to dismiss. Plaintiff has indicated she does not oppose this motion, though as explained more fully in the certificate of conferral attached to this motion, the parties disagree about discovery deadlines with respect to discovery that was outstanding at the time the Court last stayed this case.

### I.    Introduction

This case arises from Plaintiff's attempt to purchase a vehicle. During her search, Plaintiff submitted at least one application for credit. She claims that in the course of the ensuing credit check, various entities violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").[1] In this suit, she alleges that ProMax—a company that merely acts as a conduit

---

[1] Plaintiff has filed two additional lawsuits arising from this transaction. *See Grays v. AutoMart et al.*, No. 1:18-cv-01761 (D. Colo.); *Grays v. TSG Auto et al.*, No. 1:18-cv-01762 (D. Colo.).

between consumer reporting agencies who compile consumer reports and their end users, along with one of their employees, Mr. Born, who at all times acted within the scope of his employment at ProMax—violated the FCRA.[2]

On August 23, 2021, Plaintiff filed a Third Amended Complaint. (Dkt. 52.) The Court has pending before it a renewed motion to dismiss Mr. Born for lack of personal jurisdiction because there is no reason for Mr. Born, a resident of Iowa, to be named as a defendant in this case. As explained more fully in his motion to dismiss, there are no allegations that Mr. Born himself harmed Plaintiff or has any connection to Plaintiff's claims beyond the simple fact that he is employed by ProMax, and there are no allegations that Mr. Born was the alter ego of ProMax or had an "identity of interest" with ProMax sufficient to permit the Court to pierce the corporate veil and hold Mr. Born liable for the acts of his company.

Taking into account the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006), this Court previously stayed discovery as to all parties pending a ruling on Mr. Born's motion to dismiss. (Dkt. 43.) Because the Third Amended Complaint contains no new allegations that bear on whether a stay is appropriate,[3] Defendants respectfully request this Court to renew its stay of all discovery pending resolution of the renewed motion to dismiss.

## II. Argument

---

[2] Plaintiff also brings various state law claims that overlap with and are based upon the same conduct as the FCRA.

[3] The Third Amended Complaint contains only one new sentence: "Defendant's conduct alleged is performed after Defendants were aware of Plaintiff's claims, yet Defendants intently remained inactive in removing the unpermitted hard inquires to correct Plaintiff's credit; substantiating exemplary and punitive damages." (Dkt. 52, ¶ 20.)

This Court has broad discretion to stay an action while a motion to dismiss is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident*, 2006 WL 894955, at \*2. In deciding whether to stay a case, courts balance five factors: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Id*.

In *String Cheese Incident*, two defendants moved to dismiss for lack of personal jurisdiction. 2006 WL 894955, at \*1. The remaining defendants did not. *Id*. The plaintiff sought to proceed with discovery, arguing that even if the court granted the motion to dismiss, the plaintiff would continue its claims against the other defendants. *Id*. The court rejected this argument, noting "the court is inconvenienced if matters proceed in a piecemeal fashion which would occur if discovery proceeded against some, but not all, defendants." *Id*. at \*2.

A similar dynamic exists here. Plaintiff's interests are minimal. The allegations in the complaint focus on ProMax's alleged conduct, and there is a notable lack of allegations regarding Mr. Born <u>personally</u>. Moreover, Plaintiff has propounded requests for production, interrogatories, and requests for admission on Mr. Born which go to the merits of this action, and the purpose of the personal jurisdiction doctrine is precisely to protect against the issues of fundamental fairness implicated by requiring individuals without any connection to the forum to be haled into court to defend themselves. In addition, resolving the personal jurisdiction issue as to Mr. Born first would alleviate the Court from addressing discovery disputes and other briefing implicating Mr. Born individually. Finally, Plaintiff makes no allegations specifically addressing why her private harms implicate the public interest beyond the bare recitals of the elements of

her Colorado Consumer Protection Act Claim, Colo. Rev. Stat. § 6-1-101 *et seq*., (Dkt. 11, SAC ¶ 129,) which is both insufficient under Fed. R. Civ. P. 8 and, as with her other claims, contains no allegations specific to Mr. Born personally.

Courts have routinely held that discovery should be stayed while issues relating to jurisdiction are resolved. *See, e.g., Siegert v. Gilley,* 500 U.S. 226, 231–32 (1991) (noting that discovery should not be allowed while threshold jurisdictional issues are pending); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (noting discovery can be particularly disruptive while a motion to dismiss is pending); *Ryskamp v. Looney*, No. 10-CV-00842-CMA-KLM, 2010 WL 4256205, at *4 (D. Colo. Oct. 21, 2010) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources'") (citation omitted). In sum, it is best that discovery proceed on one track wherever possible.

## III.    Conclusion

To avoid unnecessarily burdensome discovery and to preserve judicial economy, Defendants respectfully request this Court to renew its stay of all discovery pending a ruling on Mr. Born's motion to dismiss.

 Dated September 9, 2021

By: */s/ Courtney E. Bartkus*

Courtney E. Bartkus
Sarah Auchterlonie
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Office: 303.223.1236
cbartkus@bhfs.com

sja@bhfs.com
Rebecca E. Kuehn
Erik M. Kosa
Hudson Cook, LLP
1909 K Street, N.W., 4th Floor
Washington, D.C. 20006
Office: (202) 223-6930
Email: rkuehn@hudco.com
Email: ekosa@hudco.com

*Counsel for Defendant Shane Born*

## CERTIFICATION OF CONFERRAL

Pursuant to Local Rule 7.1, undersigned counsel certifies that on September 1, 2020, they

conferred with Plaintiff about this motion and that Plaintiff does not oppose this motion.

However, the parties have been unable to reach agreement on discovery deadlines for discovery

that was pending before the Court stayed this case on February 16, 2021. (Dkt. 43.)

**Plaintiff's Position:** A stay is not a resetting of the clock. The Motion to Stay and its subsequent Order did not involve resetting the discovery clock on requests which were served; requests Defendants have had in their possession for over 300 times the amount of time permitted to respond to discovery requests; which is prejudicial only to Plaintiff  - as Defendants have had a half of year to concoct a response that deprives Plaintiff of her right to justice in this matter - and only rewards Defendant's failure to appropriately file a motion to stay along with the original motion to dismiss.  Plaintiff would ask that responses already served months ago be provided within 7 days, but that all other discovery is further stayed pending determination on the currently pending motion to stay.

**Defendant's Position:** Given the significant time that has passed since the stay and the need for all parties to reorient themselves, as well as the fact that Mr. Born's obligations regarding his participation in discovery will not be resolved until the Court decides his motion to dismiss, Defendants respectfully request that deadlines for any outstanding discovery issued prior to the Court's stay on February 16, 2021 (Dkt. 43) reset anew according to the Federal Rules of Civil Procedure (*e.g.*, responses for outstanding discovery issued prior to the stay would be due 30 days from the date the Court issues its order on Mr. Born's motion to dismiss, unless the Court orders otherwise).

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of September 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Tiffany Grays
P.O. Box 472322
Aurora, CO 80047

*Plaintiff, Pro Se*

By: /s/*Courtney E. Bartkus*

Courtney E. Bartkus

*Counsel for Defendant Shane Born*