IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No.: 1:20-cv-00451-SKC

TIFFANY GRAYS,

Plaintiff,

v.

BLACKHAWK ACQUISITION, LLC and
SHANE BORN,

Defendants.

**ORDER RE: DEFENDANT SHANE BORN'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM [DKT. 55]**

This Order addresses Defendant Shane Born's Motion to Dismiss Third Amended Complaint for Lack of Personal Jurisdiction and Failure to State a Claim ("Motion"). [Dkt. 55.] The Court has reviewed the Motion and the related briefing. No hearing is necessary. For the reasons stated here, the Motion is GRANTED.

### A. BACKGROUND[1]

---

[1] The Court accepts the well-pleaded facts as true and views the allegations in the light most favorable to the non-movant. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010). Moreover, Plaintiff appears *pro se*. Accordingly, the Court construes the Third Amended Complaint and Plaintiff's papers liberally but without acting as her advocate. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

This appears to be Plaintiff's third lawsuit associated with her attempt to purchase a vehicle in March 2018.[2] Defendant Blackhawk Acquisition, LLC, does business as ProMax. [Dkt. 52, ¶4.] ProMax is a consumer reporting agency that furnishes and resells consumer credit reports. [*Id.*] Its services include procuring car loans for applicants, and maintaining and administering websites for various used car dealerships. [*Id.*]

In March 2018, Plaintiff completed two on-line pre-qualification applications in consideration of purchasing a vehicle. [*Id.* at ¶8.] When completing these applications, language on the website informed her the pre-qualification applications would result in a "soft inquiry" into her credit to determine her credit-worthiness. [*Id.* at ¶9.] A soft inquiry does not impact a consumer's credit score and is typically used when a consumer is uncertain about making a purchase. [*Id.* at ¶10.] Plaintiff alleges she only consented to a soft inquiry. [*Id.* at ¶¶12,16.]

Sometime later, Plaintiff learned that instead of performing a soft inquiry, ProMax performed a number of hard inquiries. [*Id.* at ¶17.] She alleges these unauthorized hard inquiries caused her consumer credit score to plummet. [*Id.* at ¶19.] Plaintiff complained to ProMax and Defendant Born, its Vice President of Sales at the time,[3] but she alleges they failed to investigate her complaints or "promptly

---

[2] *See Grays v. Auto Mart USA LLC et al.*, Civ. No. 18-cv-01761-MSK-NYW (D. Colo.) and *Grays v. TSG Auto et al.*, Civ No. 18-cv-01762-SKC (D. Colo.).

[3] Born was since promoted to Chief Operating Officer. [Dkt. 58, p.13.]

delete" incorrect information. [*Id*. at ¶¶49, 51, 52.]

Plaintiff filed this case against ProMax and Born alleging they violated the Fair Credit Reporting Act and the Truth in Lending Act. [*See generally, id*.] She also brings several state tort and contract claims. [*Id*.] Her Third Amended Complaint ("TAC") asserts 12 claims in all.[4] [*Id*.] ProMax filed an answer to the TAC while Born filed the present Motion seeking dismissal under Fed. R. Civ. P. 12(b)(2) and (6). [Dkts. 54 and 55.]

### B.   LEGAL PRINCIPLES

**1.    Fed. R. Civ. P. 12(b)(2)**

Born seeks dismissal, in part, under Fed. R. Civ. P. 12(b)(2) alleging a lack of personal jurisdiction over him. The plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). "Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a *prima facie* showing that jurisdiction exists." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)). The plaintiff must produce evidence (either uncontested allegations in the complaint or other materials, or an affidavit or declaration) "that if true would support jurisdiction over defendant." *Id.*

---

[4] The Third Amended Complaint indicates there are fourteen causes of action, but the Court cannot locate the 4th and 5th causes of action. [*See generally*, Dkt. 52.]

(quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)). "[A]ny factual disputes in the parties' affidavits must be resolved in plaintiffs' favor." *Id.*

### 2.     Fed. R. Civ. P. 12(b)(6)

Born also seeks dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted). But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted).

The *Twombly/Iqbal* pleading standard first requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or merely recite the elements of a claim. *Id.* It next requires the court to assume the truth of the well-pleaded factual allegations "and

then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. In this analysis, courts "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). The standard is a liberal one, however, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

### C. DISCUSSION

**1.  Personal Jurisdiction Over Born**

Born is a resident of Iowa. [Dkt. 59-1, ¶4.] To establish personal jurisdiction over a nonresident defendant in a diversity action, "a plaintiff must show jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 319 (1945)). Because Colorado's long-arm statute extends as far as the constitutional limits of the Due Process Clause,

the court has jurisdiction over defendants coextensive with the Due Process Clause. *Benton*, 375 F.3d at 1075; *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002).

Consistent with due process, a court may exercise personal jurisdiction in one of two ways. First, a court may assert specific jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472. Second, where a defendant has not engaged in forum-related activities, the court may nonetheless exercise general jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984). However, "[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'" *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (quoting *Helicopteros*, 466 U.S. at 416). Plaintiff argues the Court has both general and specific jurisdiction over Born. [Dkt. 58, pp.11-14.]

### a. Specific Jurisdiction

Specific jurisdiction applies when the defendant has "purposefully directed" his activities at the forum jurisdiction and the underlying action arises out (or relates to) of those activities. *SEC v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) (quoting *Burger*

*King Corp. v. Rudzewicz*, 471 U.S. 462, 105 (1985)). For a defendant to be subject to specific jurisdiction, the court must determine: "(1) whether the defendant purposefully availed himself of the privilege of conducting business in the forum state, and (2) whether the litigation arises out of the defendant's forum-related contacts." *Found. for Knowledge in Dev. v. Interactive Design Consultants*, 234 P.3d 673, 678 (Colo. 2010) (quoting *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1194 (Colo. 2005). The touchtone inquiry is whether "the defendant has 'purposefully directed' his activities toward the forum jurisdiction." *Wise v. Lindamood*, 89 F. Supp.2d 1187, 1190 (D. Colo. 1999).

In considering these factors, the Court reviewed the TAC and Born's affidavit.[5] [*See generally*, Dkts. 52 and 59-1.] The Court finds Plaintiff has failed to make a *prima facie* showing that specific personal jurisdiction exists over Born. Fatally, the TAC alleges neither Born's state of citizenship nor his state of residency. [*See generally*, Dkt. 52.] The TAC provides ProMax's address in Bettendorf, Iowa, but that is it. [*Id.* at p.2.] There are no factual allegations demonstrating Born purposefully availed himself of the privilege of conducting business in Colorado, or that Plaintiff's claims in this case arise out of those forum-related contacts.

Plaintiff's response brief is equally unhelpful. There Plaintiff states, in

---

[5] In her response, Plaintiff states jurisdiction over Born is "substantiated through Plaintiff's Declaration, attached hereto. . ." [Dkt. 58, p.12.] But no declaration is attached to Plaintiff's response brief.

conclusory fashion, that Born "has had multiple contacts in the state of Colorado, many times[,]" that he "purposefully directed ProMax's products and services to Colorado residents[,]" and that as Vice President of Sales, he "individually profited" from those contacts and "likely had many, many contacts with Colorado." [Dkt. 58, pp.12 and 13.] She also cites to the fact that the two dealerships she contacted on-line both used ProMax's services. [*Id.* at p.13.] But these arguments are conclusory and speculative insofar as Plaintiff raises them to establish specific personal jurisdiction over Born. This is beside the fact that none of these allegations are made in the TAC—Plaintiff cannot amend the TAC with her responsive pleading. *See, e.g.,* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion."); *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206-07 (D. Colo. 2015) (collecting authority).

For his part, Born declares he resides and works in Iowa, has never traveled to Colorado on ProMax business, does not maintain an office in Colorado, does not regularly travel to Colorado, and has not personally solicited business from any Colorado entities. [Dkt. 59-1, p.1.] Based on Born's unrefuted affidavit, the Court cannot say he has purposefully availed himself of the state's jurisdiction such that he could expect to be hauled into court here.

Plaintiff further argues jurisdiction over Born is proper because the two auto dealerships she contacted "both used the products and services of ProMax in Colorado to injure, harm, and embarrass the pro se Plaintiff in Colorado." [Dkt. 58, pp.13-14.]

It is true that conduct in a foreign state causing harm in Colorado may be deemed an act committed in Colorado for purposes of the long-arm statute *Scheuer v. District Court of Denver*, 684 P.2d 249, 251 (Colo. 1984). But the TAC lacks sufficient allegations to plausibly allege Born's (as distinguished from ProMax's) purposeful availment of the privilege of conducting business in Colorado or that Plaintiff's claims against him arise from his forum-related contacts. *See id.* (finding specific jurisdiction where the alleged tortfeasor, a New Mexico attorney, placed numerous telephone calls to a Colorado resident, mailed file notes and billing statements to Colorado, and received funds from Colorado for his services).

Plaintiff also argues the Court has specific jurisdiction over Born under the "stream-of-commerce" theory. [Dkt. 58, p.16.] "The stream-of-commerce metaphor has been invoked frequently in lower court decisions permitting 'jurisdiction in products liability cases in which the product has traveled through an extensive chain of distribution before reaching the ultimate consumer.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 926 (2011) (quoting 18 W. Fletcher, Cyclopedia of the Law of Corporations § 8640.40, p.133 (rev. ed. 2007)). Even were the Court to find ProMax's services equate to a "product" in the stream of commerce, this theory only supports the Court's jurisdiction over ProMax; it does nothing to support the exercise of jurisdiction over Born.

The same is true of Plaintiff's argument that ProMax's website gives rise to specific jurisdiction. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119,

1123-24 (W.D.Pa. 1997) ("The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an *entity* conducts over the internet.") (emphasis added). This argument may satisfy Plaintiff's burden in establishing personal jurisdiction over ProMax, but the company website has no bearing on Born for jurisdictional purposes. To be sure, the TAC does not allege Born's role, if any, in developing or maintaining the website whatsoever.

And to the extent Plaintiff argues Born's subsequent promotion to Chief Operating Officer with "at least [*sic*] 7% stake in ProMax," somehow establishes the Court's jurisdiction, this argument is unavailing. This is especially true given the TAC is devoid of any allegations Defendants are somehow alter egos of each other. *See United States v. Van Diviner*, 822 F.2d 960, 964 (10th Cir. 1987) (identifying the various factors courts consider when determining whether the corporate form should be disregarded). *See also Cascade Energy and Metals Corp. v. Bank*s, 896 F.2d 1557, 1576 (10th Cir. 1990), *cert. denied*, 498 U.S. 849 (1990) ("[T]he corporate veil should be pierced only reluctantly and cautiously.")

While the burden to make a *prima facie* showing of personal jurisdiction is light, a pleader remains obligated to support a claim with sufficient factual allegations to allow the court to draw the reasonable inference its jurisdiction is proper. Here, Plaintiff has not plausibly alleged enough facts concerning whether Born purposefully availed himself of the privilege of conducting business in the forum

state. Accordingly, the Court finds it does not have specific personal jurisdiction over Defendant Born.

### b.   General Jurisdiction

Plaintiff also argues the Court has general jurisdiction over Born. General jurisdiction may exist in the absence of specific jurisdiction. General jurisdiction requires a defendant have contact with the forum "so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Trujillo v. Williams*, 465 F.3d 1210, 1218 n.7 (10th Cir. 2006). For an individual, the paradigm forum for the exercise of general jurisdiction is where the individual is domiciled. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. at 924.

The TAC fails to plausibly allege general jurisdiction for the same reasons stated above. Plaintiff has failed to allege sufficient facts or otherwise show Born has sufficient minimum contacts with the forum state. It stands to reason, therefore, that he does not have contacts here "so continuous and systematic as to render him at home in the forum state" for purposes of general personal jurisdiction.

Accordingly, the Court finds that Plaintiff has failed to plausibly allege this Court has jurisdiction over Born. Born's Motion is GRANTED. He is DISMISSED, without prejudice.[6]

---

[6] Because the Court grants the motion on personal jurisdiction grounds, it does not consider the other basis Defendant Born argues in support of his Motion.

Dated: August 26, 2022.

                                        BY THE COURT:

                                        _____

                                        S. Kato Crews
                                        United States Magistrate Judge