UNITED STATES DISTRICT COURT
for the
District of Colorado

Case No. **20-cv-00451-SKC**

Tiffany Grays, *pro se*
*Plaintiff(s)*

)

- V -

)

Blackhawk Acquisition LLC
*Defendant(s)*

)
)

# PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

**COMES NOW** Tiffany Grays, pro se Plaintiff, hereby files this Motion to Strike Defendant's Affirmative Defenses as they have failed to meet the pleading requirements, failing to provide the Plaintiff notice; in violation of Fed. R. Civ. P. 12(c).

## I.  BACKGROUND

Plaintiff This action, as originally filed and as the Second Amended Complaint continues to set forth, Plaintiff seeks to prevent additional consumers being damaged by the Defendants unethical illegal actions in commerce and with consumer credit reports. Specifically, in March of 2018, unbeknownst to Plaintiff, two of ProMax's used automobile dealership clients, who were both contacted by Plaintiff on the same day, gave fraudulent representations to the Plaintiff that one soft inquiry would be performed to pre-qualify the Plaintiff's creditworthiness to purchase a used car.

1

On March 17, 2018, Plaintiff, an unsuspecting consumer shopping for a used vehicle online, happened upon two car dealerships, 1) TSG Auto.com - Defendant in settled District of Colorado case 18-cv-01762-SKC-STV - and 2) Auto Mart USA LLC - Defendant in District of Colorado case 18-cv-01761-MSK-NYW - who both used fraudulent misrepresentations that a soft inquiry would be run against the Plaintiff's consumer credit report, to induce Plaintiff into permitting access to said consumer credit report; who both also use(d) the products and/or services of ProMax to perform and/or permit to be performed, over fifteen hard inquiries against Plaintiff's consumer credit report – in lieu of the promised one soft inquiry.

In reality, neither used car dealership intended to perform one soft inquiry. In fact, the first used car dealership performed six hard inquires and the second, ten had inquiries against the Plaintiff's consumer credit report. These sixteen hard inquires remained upon the Plaintiff's consumer credit report for the statutory maximum period of two years, just recently leaving Plaintiff's consumer credit report; substantiating their derogatory effect as Plaintiff's score significantly increased afterwards. For these two years, while having direct knowledge of Plaintiff's plight to justice as indicted in related District of Colorado cases, 18-cv-01762 and 18-cv-01761, Defendants have intently failed to act appropriately, failing to correct the damage to Plaintiff, choosing instead to destroy evidence which substantiates Plaintiff's claims; causing further claims. Based on Defendants willful noncompliance with multiple federal and state laws, this Court's intervention is necessary to protect the public at large and make Plaintiff whole.

Defendant Born having direct knowledge of Plaintiff's claims regarding the known fraudulent misrepresentation from TSG Auto.com with and through ProMax, since 2018, **(ECF No. 29-3)**, and direct knowledge of Plaintiff's claims regarding the known fraudulent misrepresentation of soft inquiry from Auto Mart USA LLC, with and through ProMax, since

2019, was egregiously inactive in resolving Plaintiff's claims. If fact, Defendant Born was the decision maker in the investigation [sic] ProMax - by and through Mr. Born - conducted once directly informed of Plaintiff's claims regarding the second dealership, Auto Mart USA[1]. **(ECF No. 57 at PROMAX-0000208[2])**. Said investigation [sic] failed to find Auto Mart USA LLC had misrepresented a soft inquiry would be performed against the Plaintiff's consumer credit report – while having direct knowledge Plaintiff had a similar complaint against TSG Auto.com which misrepresented a soft inquiry to Plaintiff, which ProMax and Mr. Born knew to be a fact, yet intently failed to correct Plaintiff's credit by simply obtaining a letter from Plaintiff **(ECF No. 57 at PROMAX-0000150)** – while the Arbiter found Auto Mart USA to have negligently misrepresented soft inquiry to the Plaintiff **(Exhibit ("Ex.") 6 - Interim Award at ¶26 )**; substantiating ProMax by and through Mr. Born, failed to perform an appropriate investigation into Plaintiff's claims against Auto Mart USA, while aware of Plaintiff's eerily similar legitimate claims against TSG Auto.com.

---

[1] ECF No. 57 calls into question the validity of not only the authorization itself as well as all actions performed prior to the closing of the internal ProMax Ticket# 574933, as had the credit authorization [sic] provided to ProMax been sufficient to establish permissible purposes of ProMax's clients' use Plaintiff's consumer credit report, it would not have taken Defendant Auto Mart USA almost six months[2] to provide said credit authorization [sic] to ProMax employee Mark Vermeulen – the VP of Operations for ProMax – who then passed the document to Defendant Shane Born – and immediately, literally the minute Mr. Born receives the credit authorization[3] [sic] permitting ProMax's intrusion into Plaintiff's credit, the ticket is closed. **(*Id.* 0000208).**

Plaintiff has been suffering since April 2018 - when all the adverse action letters began arriving - confirming ProMax's clients having violated the Fair Credit Reporting Act, by conducting hard inquires into the Plaintiff's credit under the known fraudulent guise of a soft inquiry, ProMax and TSG Auto.com intently failed to take simple appropriate actions of retrieving a letter from Plaintiff and the dealership **(ECF No. 42)** to correct Plaintiff's credit and resolve her claims, forcing Plaintiff to bring the case before this Court.

[2] PROMAX designation are documents which have been produced in discovery by Defendant. Said documents have been validated to be authentic by Defendant in response to Plaintiff's Request for Admission 22.

3 Plaintiff informed ProMax of her claims against Auto Mart USA on 11/20/19, **(*Id.* 0000208),** Auto Mart USA failed to produce the credit authorization [sic] until 03/19/20 **(*Id.* 0000208),** while Auto Mart USA had been in litigation in 18-cv-01761-MSK-NYW since 2018)

## II.　STANDARD OF REVIEW

"After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." *Fed. R. Civ. P. 12(c)*. "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted).

"Affirmative defense may only be stricken if as a matter of law, the defense cannot succeed under any circumstance." *Michaud v. Greenberg & Sada, P.C.,* No. 11-cv-01015-RPM-MEH, 2011 WL 2885952, *2 (D. Colo. July 18, 2011). Affirmative defenses require that a party "state in short and plain terms the party's defenses to each claim." *Fed. Rule Civ. P. 8(b)*(1)(A). "A denial must fairly respond to the substance of the allegation." *Fed. Rule Civ. P. 8(b)*(2). "Pleadings must be construed so as to do justice." *Fed. Rule Civ. P. 8(e)*.

"Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense." *United States v. Quadrini*, 2007 WL 4303213, at *4.

4

### III. ARGUMENT

**Pleading Notice Requirements Equally Applied to All**

The Rules and purposes of justice affirm that every party must abide by all Rules and the plain language of the Rules seek efficient, fair, and equitable distribution of justice. Therefore, the Rules that require pleadings to be sufficient to give notice to the opposing party are equally applicable to Plaintiff's Complaints as it is to Defendant's Answers to said Complaints. Defendant's Answer contains scandalous redundant denials and Affirmative Defenses that fail to meet the pleading standards in Rule 8. Plaintiff respectfully requests this Court Strike the First, Second, and Eighth Affirmative Defenses of Defendant, as the denials and [sic] Affirmative Defenses are mere bare bones allegations lacking any factual content and fail to give notice to Plaintiff of the substance of any defenses raised which prejudices the Plaintiff in by restricting her ability to gather pertinent evidence to contradict the defenses while simultaneously causing the Plaintiff to expend great amounts of time and money to gather everything she can. Defendant has failed to meet its burden, failing to allege specific elements for each claim Defendant alleges Plaintiff has failed to state a claim; making Defendant's First, Second, and Eighth Affirmative Defenses "bare bones assertion[s]," No. 2:11-CV-12-PRC, 2011 WL 5553697 (N.D. Ind. Nov. 15, 2011 at *1), insufficient to survive the heightened pleading standard. Following the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which announced a heightened pleading standard for complaints, the courts have generally applied the Twombly/Iqbal pleading standard to Answers and affirmative defenses.

**<u>First, Second, and Eighth Affirmative Defenses Fail as a Matter of Law Especially Considering the Admission of the FCRA Violation</u>**

A court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *DiMezza v. First USA Bank, Inc*., 103 F.Supp.2d 1296,1298 (D.N.M. 2000), *citing Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); and *H.J. Inc. v. Northwestern Bell Tel. Co*., 492 U.S. 229, 249-50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). When considering a Rule 12(b)(6) motion, the Court assumes as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *DeMezza,* 103 F. Supp.2d at 1298, *citing Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The Tenth Circuit has applied 12(b)(6) motion procedures to 12(c) motions.  *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000)("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under rule 12(b)(6)."). Judgment should be granted when a showing of entitlement under the law is satisfied. *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Pa*., 442 F.3d 1239, 1244 (10th Cir. 2006).

Defendant's First Affirmative Defense fails to set forth any substantiation of Plaintiff's alleged failure which fails to give Plaintiff any notice and is inconsistent with the Complaints, the record in this case, and evidence in Defendant's possession. Further evident as the proper action for Defendant to substantiate Plaintiff's alleged failure is within a motion to dismiss pursuant to 12(b)(6) and Defendant has not filed said motion. Furthermore, Rule(b)(6) requires that said motion be filed prior to the filing of a pleading, which Defendant did not do. Thus, as a

matter of law, Defendant cannot prevail on the first affirmative defense and Plaintiff should be granted judgment on this defense. Additionally, Defendant's first affirmative defense ("Failure to State a Claim") is not an actual defense since it simply embodies the contention that Plaintiff will be unable to prove the elements of the claims contained in the Complaint. *J & J Sports Prods v. Mendoza–Govan*, No. 10–cv05123-WHA, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case.").

Similarly, Defendant's second affirmative defense ("Lack of Standing,") is not a proper affirmative defense. *J & J Sports Prods., Inc. v. Vizcarra*, No. 11-cv-1151-SC, 2011 WL 4501318, at *2 (N.D. Cal. Sept. 27, 2011 ("Because a plaintiff must plead and ultimately prove standing, lack of standing is not an affirmative defense under federal law." ); *Classical Silk, Inc. v. Dolan Grp., Inc.*, No. 14-cv-09224-AB, 2016 WL 7638112, at *2 (C.D. Cal. Mar. 21, 2016). The second also fails to provide notice on how Plaintiff lacks standing as the actions Plaintiff has taken is noted in Defendant's own system, see ECF No. 42, and Defendant has in its possession expert reports which substantiate Plaintiff's damages which are certain and supported by thousands of pages of documents disclosed to Defendant. Because this is directly contradicted by evidence in the record and is not affirmative, it likewise affords Plaintiff judgment.

Finally, the eighth [sic] affirmative defense is nothing more than "[a]n attempt to reserve affirmative defenses for a future date [and] is not a proper affirmative defense in itself." *J & J Sports Prods., Inc. v. Barwick*, No. 5:12-cv-05284-LHK, 2013 WL 2083123, at *6 (N.D. Cal. May 14, 2013) (same).  This type of statement "serves no real purpose in the litigation and should be stricken[(emphasis added)]." *Solis v. Couturier*, No. 2:08–cv–02732, 2009 WL 2022343 (E.D. Cal. July 8, 2009).   Even though Defendant asserted the defense, the defendant

7

did not indicate the grounds upon which it relies in asserting the defense, failing to give Plaintiff notice while affording Defendant the opportunity to surprise the Plaintiff at any time with any defense. Permitting said defense would only multiply the costs of litigation and fail to afford Plaintiff equal protections under Fed. R. Civ. P. 1 and 8.

It is clear the first, second, and eighth affirmative defenses are not affirmative in nature. An "affirmative defense," is defined as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *See Purzel Video GmbH v. St. Pierre*, 10 F. Supp. 3d 1158, 1170 (D. Colo. 2014) (quoting Black's Law Dictionary (9th ed.2009)); *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011) (overruled on other grounds) ("An affirmative defense, under the meaning of Fed. R. Civ. P. 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."). In *Think All*, the Court struck similar negative defenses as redundant under Rule 12(f) because the defenses "simply repeat[ed] the Defendants' denial of the allegations in the complaint, which were already denied in the Answer itself. The Court stated, a "defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *F.T.C. v. Think All Pub., L.L.C.*, 564 F. Supp. 2d 663 (E.D. Tex. 2008); *see also Gessele v. Jack in the Box, Inc.*, No. 10-CV-960, 2011 WL 3881039, at *2 (D. Or. 2011); *Texidor v. E.B. AABY'S REDERI A/S*, 354 F. Supp. 306, 309 (D.P.R. 1972) (stating that a negative defense is "a denial of responsibility.").

Further supporting judgment on these defenses and Plaintiff's FCRA claim, is the fact that Defendant's Answer fails to deny the allegations in paragraph 34 of the Complaint, forfeiting the opportunity to do and causing the allegation to be deemed admitted. Which is also

supported by the record which reflects Defendant performed hard inquiries when Plaintiff was told a soft inquiry would be performed. See ECF No. 42 pp. 1-4.

### **Fifth Affirmative Defense Fails With Hearing Testimony**

Counsel for Defendant Mr. Kosa, advised this Court during the discovery dispute hearing on December 19, 2022, that it did not contest the common knowledge of the difference between a soft vs. hard inquiry upon a consumer credit report. That knowledge affirms the loss in creditworthiness through a reduction in credit score when hard inquiries are performed, whereas with soft inquiries there is no (emphasis added) loss in creditworthiness through a reduction in credit score. While having this admitted "knowledge," **ECF No. 54 p.18**, with the knowledge in affirmed in Ticket 461054, Defendant closed the ticket with knowledge (emphasis added) the hard inquiries were not removed from Plaintiff's consumer credit report, without performing the simple action of removing the hard inquiries by requiring its clients to seek a letter from Plaintiff, nor when it became apparent the client was not going to seek the letter from Plaintiff, Defendant failed to seek the letter directly from the Plaintiff itself. **(ECF No. 42 pp.1-4).** This is likely do to the inquiry seeking additional information in which Defendant would have to admit guilt to the Consumer Reporting Agency; solidifying Plaintiff's claims and Defendant's willful inaction (emphasis added), making this defense of allege "act[ion]" **ECF No. 54 p.18,** not an affirmative defense. By and through the forgoing Defendant had knowledge failing to remove the hard inquiries would result in a loss to Plaintiff's creditworthiness and remained inactive by simply closing the ticket meant to remove the hard inquiries prior to their removal.

**<u>Judgment Eliminates Prejudice to the Pro Se Plaintiff</u>**

Pro se Plaintiff will surely suffer prejudice should the aforementioned defenses be permitted to continue. The first, second, third, fifth, and eighth defenses are an unfair surprise to Plaintiff because, where Defendant's affirmative defenses are vague and/or without adequate factual support, while the corresponding portions of Plaintiff's Complaint states factual information. *See Siegel v. Blue Giant Equip., LLC*, No. 15-cv-143-TCK-PJC, 2016 WL 3248419, at *2; *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648 (D. Kan. 2009) (considering whether defendant's answers in interrogatories showed a reasonable basis for raising affirmative defenses). Defendant seeking to gain discovery in support of their defenses which have no factual basis, which is burdensome to Plaintiff. Defendant is in possession of documents which establish Plaintiff's prima facie case substantiating her claims and standing, making Defendant's first and second affirmative defenses frivolous. Defendant's claim that Plaintiff "has not taken action necessary to avail her of the rights she claims," ECF No. 54 p. 17, yet Defendant's own document production reflects Plaintiff did take the necessary actions. Plaintiff hired an attorney to send a letter which simply asked for the hard inquiries to be removed and contacted Defendant directly to get help getting the hard inquires removed, **(ECF Nos. 42 pp.1-4 and 42-1 pp. 1-4);** to no avail. *Id.* These defenses are merely a conduit to add more barriers to the justice so owed to Plaintiff, to squander her limited resources. Affirmative defenses must at least give notice of the grounds upon which it rests.

As affirmative defenses are also submitted to the jury, permitting the defenses to stand only causes additional work in trial preparation and discovery for the pro se Plaintiff, as defending four defenses is fifty percent less than defending eight. "The purpose of Rule 12 is to save the time and money that would be spent litigating issues that will not affect the outcome of

the case." *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993). Rule 12(f) provides for striking affirmative defenses that are insufficient. *Unger v. US W., Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995) (citing Fed. R. Civ. P. 12(f)). Defendant's redundant and scandalous flat denials have created conditions of Plaintiff needing to seek additional discovery on matters which ought not be contested in violation of Rule 12(f), as this consumes significant time and money the pro se Plaintiff proceeding in forma pauperis cannot afford. Defendant's scandalous denials come even while Defendant's own Answer contradicts the denial. Thereby said denials are overt displays of mendacity as Defendant and its counsels have intentionally placed frivolous denials in response to each paragraph in the Complaints, not a clerical err or excusable neglect. Permitting amending of the denials would only reward the bad-faith conduct meant to deprive the Plaintiff of the promise of "the just, speedy, and inexpensive determination," *Fed. Rule Civ. P. 1,* of Plaintiff's case.

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Id.; S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006). As the First, Second, and Eighth Affirmative Defenses are not actual affirmative, as even if true, they fail to "defeat the plaintiff's or prosecution's claim," nor preclude Defendant's liability," *Id. Purzel,* the first, second, and eighth affirmative defenses fail to conform with the plain language of Rule 8(c), as a defendant must only state affirmative defenses. FED. R. CIV. P. 8(c).

## IV.    CONCLUSION

**WHEREFORE** based on the foregoing, Plaintiff asks this Court to judgment on, the first, second, fifth, and eighth, affirmative defenses, as well as Plaintiff's FCRA claims. In doing so,

the Court will ensure efficient expenditure of justice so clearly owed to Plaintiff as these defenses are scandalous matter meant to drain the limited resources of the *pro se* Plaintiff.

Respectfully Submitted,

/s/ Tiffany Grays, pro se
Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
### District of Colorado

Tiffany Grays, *pro se*                                          **20-cv-00451-SKC**
      v
Blackhawk Acquisition, LLC

## CERTIFICATE OF SERVICE

In accordance with Federal and Local Rules, I hereby certify that on the 30th day of December 2022, I have filed the foregoing with the Clerk using the CM/ECF system, which will send a true copy thereof to the following recipients, via the CM/ECF system.

DOCUMENT:  **PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Rebecca R Kuehn
rkuehn@hudco.com
Erick M. Kosa
ekosa@hudco.com
Courtney Bartkus
cbartkus@bhfs.com
***Counsel for Defendants***

    /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com