**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

TIFFANY GRAYS,

        Plaintiff,

v.                                                    Civil Action No. 20-CV-00451

BLACKHAWK ACQUISITION LLC

        Defendant.

**DEFENDANT BLACKHAWK ACQUISITION LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Blackhawk Acquisition LLC ("ProMax"), through undersigned counsel, submits its brief in opposition to the motion filed by Plaintiff Tiffany Grays ("Plaintiff") styled "Plaintiff's Motion for Judgment on the Pleadings." (Dkt. 70, "Motion"). While the Motion is functionally a motion to strike pursuant to Federal Rule of Civil Procedure 12(f), regardless of how the Court characterizes it, it should be denied.

**I.    Introduction**

This case arises from Plaintiff's attempt to purchase a vehicle from two auto dealer clients for whom ProMax provided services at the relevant times in the complaint: TSG Auto ("TSG") and AutoMart. She claims that in the course of TSG's and AutoMart's checking her credit after she submitted credit applications, ProMax violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA") and several state laws. Before filing this action, Plaintiff sued TSG and AutoMart, claiming the two dealers violated the FCRA and the same state laws by improperly representing that her credit application would result in a "soft inquiry" rather than a "hard inquiry." *See Grays v. AutoMart et al.*, No. 1:18-cv-01761 (D. Colo.); *Grays v. TSG Auto*

1

*et al.*, No. 1:18-cv-01762 (D. Colo.). On February 20, 2020, Plaintiff sued ProMax pursuing similar theories based on the same transactions.

## II. Argument

### A. To the extent Plaintiff's Motion is for judgment on the pleadings under Fed. R. Civ. P. 12(c), it is procedurally improper.[1]

A motion for judgment on the pleadings is improper because the parties disagree about the facts. Where a plaintiff moves for judgment on the pleadings, the fact allegations in the answer are taken to be true, but those of the complaint are taken as true only where and to the extent they do not conflict with those of the answer. *See Landmark Am. Ins. Co. v. VO Remarketing Corp.*, 2014 WL 2673593, at *2 (D. Colo. June 13, 2014), *aff'd*, 619 F. App'x 705 (10th Cir. 2015). The court must draw any inferences taken from the pleadings in the light most favorable to the nonmoving party: here, ProMax. *See Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

---

[1] Plaintiff also asserts that "Defendant's Answer fails to deny the allegations in paragraph 34 of the Complaint." (Pl's Mot. at 8.) In its Answer, Defendant responded to each numbered paragraph of the Complaint by matching its answer to the exact number used in the Complaint. Paragraph 15 of the Answer, for example, "denies the allegations in paragraph 15" of the Complaint, and so forth. (*See* Dkt. 52 ¶ 15.) The one exception is paragraph 34 of the Answer, which contains a typographical error and states that "Defendant denies the allegations in paragraph **24**," when it is paragraph 34 of the Complaint being denied. *Id.* at ¶ 34 (emphasis added). Given the Answer's overall structure, that every other numbered paragraph in the Answer corresponds to that in the Complaint and that the Defendant already denied the allegations in paragraph 24 of the Complaint earlier (*see id.* at ¶ 24), the use of the wrong number in paragraph 34 of the Answer is obviously a typographical error, a matter courts will generally pardon and that certainly does not render an "allegation to be deemed admitted" (Pl's Mot. at 8.) *See, e.g.*, *United States v. Smith*, 2019 WL 6336884, at *2 n.1 (E.D.N.Y. Sept. 30, 2019) (noting that because there "appears to be a typographical error in the numbering of the paragraphs in the Complaint," the court itself would simply re-designate the erroneous paragraph); *Martin v. U.S. Bank Nat'l Ass'n*, 2012 WL 12875511, at *4 n.8 (N.D. Ga. Dec. 3, 2012) (stating that plaintiff cited the incorrect statutory provision in support of his claim, but cited it correctly in other filings, and thus "the Court overlook[ed] plaintiff's typographical error and analyze[d] his claim under the proper section"); *Doe v. Goord*, 2004 WL 2829876, at *1 n.1 (S.D.N.Y. Dec. 10, 2004) (construing erroneous citations to statutory provisions as "merely typographical mistakes"). Should the Court decline to construe the Answer as such, ProMax requests leave to amend its Answer to correct the obvious typographical error.

In this case, the parties' respective pleadings disagree on numerous material factual allegations, making judgment on the pleadings inappropriate. *See, e.g.*, Wright & Mille, 5C *Fed. Prac. & Proc. Civ.* § 1367 (3d ed.) ("[J]udgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court"). For example, ProMax disputes Plaintiff's allegations that any conduct attributable to ProMax caused her credit score to drop (Answer at ¶¶ 7, 19,) that any party lacked Plaintiff's consent to access her report (*id*. at ¶¶ 34, 84,) that ProMax was responsible for any misrepresentations relied upon by Plaintiff (*id*. at ¶¶ 96-102,) or that ProMax failed to fulfill any other duties under the law.

To this end, Plaintiff improperly refers to numerous documents outside of the pleadings throughout her Motion, including an affidavit attached to Plaintiff's opposition to an individual defendant's motion to dismiss and statements made by Defendant's counsel during a discovery hearing, among other extraneous materials. (*See* Pl's Mot. at 2-4, 9-10.) If "matters outside the pleadings are presented" in a motion under Rule 12(c), the court must either disregard the materials outside of the pleadings or convert the motion into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Woodie v. Berkshire Hathaway Homestate Ins. Co.*, 806 F. App'x 658, 664 (10th Cir. 2020) (noting that when "outside materials are not excluded by the court, failing to convert a 12(c) motion is reversible error unless the dismissal can be justified without considering the outside materials") (citation and internal quotation marks omitted).

Converting Plaintiff's motion to one for summary judgment is inappropriate at this juncture because the factual record is not complete. Discovery does not close until March 7, 2023 (Dkt. 67). "[S]ummary judgment [should] be refused where the nonmoving party has not

3

had the opportunity to discover information that is essential to his opposition" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).).  The parties have yet to complete discovery.  For example, ProMax has pending before this Court a motion to compel Plaintiff to produce relevant testimony and sworn statements she gave in her related cases against TSG and AutoMart arising from the same factual scenario giving rise to her complaint here. (Dkt. 71.)  No depositions have yet been taken.  Plaintiff makes no effort in her Motion whatsoever to demonstrate that the material facts are not in dispute—and does not include a statement of undisputed material facts pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a)—a s would be required to make summary judgment appropriate.

### B. ProMax's affirmative defenses have been sufficiently pled.

Though styled as a motion for judgment on the pleadings, it appears that Plaintiff's Motion is chiefly focused on attacking certain of Defendant's affirmative defenses as inadequate and is functionally a motion to strike under Federal Rule of Civil Procedure 12(f).  As an initial matter, any motion to strike ProMax's affirmative defenses is untimely.  A motion to strike must be made before responding to the challenged pleading or within twenty-one days after service of a pleading to which no responsive pleading is permitted. Fed. R. Civ. P. 12(f); *Gibson v. Zavaras*, 2010 WL 1931008, at *1 (D. Colo. May 13, 2010) (refusing to consider untimely motion to strike).  *See also* 5C FED. PRAC. & PROC. CIV. § 1380 (3d ed.).  ProMax served its answer to the Third Amended Complaint—the operative complaint in this case—on September 7, 2021 (Dkt. 54,) a year and a half ago.

Regardless, ProMax's affirmative defenses are plainly sufficient.  Federal courts consider motions to strike "a drastic remedy," viewing them "with disfavor and infrequently grant such

4

requests," *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *2 (D. Colo. Apr. 5, 2013), and generally requiring a successful motion to strike to demonstrate that the challenged "defense cannot succeed under any circumstance." *Unger v. U.S. West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995). *See also, e.g.*, *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic"); Wright & Miller, 5C *Fed. Prac. & Proc. Civ.* § 1380 (noting that federal courts have established a standard under which it must be shown that the challenged defenses are so unrelated to the plaintiff's claims "as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial").[2]

Plaintiff's Motion seeks to strike Defendant's First, Second, and Eighth Affirmative Defenses (*see* Pl's Mot. at 5-6, 8) as "fail[ing] as a matter of law" (see Pl's. Mot. at 6-7). These defenses are:

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint, and each cause of action thereof, fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief from Defendant.

### Second Affirmative Defense
### (Lack of Standing)

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail herself of the rights she claims. The alleged damages, if any, are speculative or uncertain and therefore not compensable.

---

[2] *See also Cal. Dep't of Toxic Substances Control*, 217 F. Supp. 2d at 1032; *Herbst v. Ressler & Assocs., Inc.*, 2014 WL 4205294, at *9 (E.D. Mo. Aug. 22, 2014) (a defense is legally insufficient when, as a matter of law, the defense cannot succeed under any circumstances).

5

### Eighth Affirmative Defense
### (Other Defenses)

> Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

(Dkt. 54.) Plaintiff repeatedly alleges ProMax has failed to "substantiate" these defenses. But a defendant cannot be expected to "be aware of all the necessary facts or even to know for sure whether a particular affirmative defense is applicable," before any fact discovery has occurred, lest it risk "waiv[ing] affirmative defenses that are not pled." *Baum v. Faith Technologies, Inc.*, 2010 WL 2365451, *3 (N.D. Okla. 2010).

Plaintiff has not demonstrated that she has not been put on notice of ProMax's defenses. Affirmative defenses must simply be pled in "short and plain terms," Fed. R. Civ. P. 8(b) and in "simple, concise, and direct," language. Fed. R. Civ. P. 8(d). An affirmative defense is sufficient so long as it gives the plaintiff fair notice of the nature of the defense. *Malibu Media, LLC v. Ryder*, No. 13-CV-00319-WYD-MEH, 2013 WL 4757266, at *2 (D. Colo. Sept. 4, 2013).[3] "[T]he liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses." *Hassan v. U.S. Postal Service,* 842 F.2d 260, 263 (11th Cir.1988). Courts "avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule." *Id.*

---

[3] Plaintiff contends that the heightened "plausibility" standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) applies to the affirmative defenses. (Plfs Mot. at 5.) While some courts have applied the heightened pleading standards in *Iqbal* to affirmative defenses, the standard does not apply to affirmative defenses in the Tenth Circuit. *Malibu Media, LLC v. Ryder*, No. 13-CV-00319-WYD-MEH, 2013 WL 4757266, at *2 (D. Colo. Sept. 4, 2013) ("The *Twombly/Iqbal* plausibility pleading standard has not been extended to affirmative defenses in this Circuit, and the Court declines to do so here"). Rather, an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A). *Id.* Plaintiff's Motion fails under either standard.

Plaintiff's argument that ProMax's affirmative defenses "fail to give notice to Plaintiff" is belied by her repeated attempts to engage with these defenses on the merits. For example, with respect to the Second Affirmative Defense, Plaintiff argues that she relied on certain representations made by TSG and AutoMart and this reliance forms the basis for the numerous claims she has asserted here. (Plfs. Mot. at 3.) She argues that she suffered cognizable damages sufficient to meet the injury-in-fact standard set forth in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). (Plfs. Mot. at 7.) Plaintiff is clearly on notice of ProMax's defenses.

### C. Conclusion

For the forgoing reasons, ProMax respectfully requests this Court deny the Motion.

Respectfully submitted,

DATED: January 20, 2023

    Erik M. Kosa
    Rebecca E. Kuehn
    Hudson Cook, LLP
    1909 K Street, N.W., 4th Floor
    Washington, D.C. 20006
    Office: (202) 223-6930
    Email: rkuehn@hudco.com
    Email: ekosa@hudco.com

    */s/ Courtney E. Bartkus*
    Courtney E. Bartkus
    Brownstein Hyatt Farber Schreck, LLP
    410 Seventeenth Street, Suite 2200
    Denver, CO 80202
    Tel: (303) 223-1236
    Email: cbartkus@bhfs.com

    *Counsel for Defendant Blackhawk Acquisition LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Tiffany Grays
P.O. Box 472322
Aurora, CO 80047

*Plaintiff, Pro Se*

/s/ *Courtney E. Bartkus*
Courtney E. Bartkus
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Tel: (303) 223-1236
Email: cbartkus@bhfs.com

*Counsel for Defendant Blackhawk Acquisition LLC*