IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:20-cv-00451-SKC

TIFFANY GRAYS,

Plaintiff,

v.

BLACKHAWK ACQUISITION, LLC,

Defendant.

## ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS (DKTS. 75 & 86)

Plaintiff Tiffany Grays, proceeding *pro se*, filed two motions seeking sanctions against Defendant Blackhawk Acquisition, LLC—Plaintiff's Motion for Rule 11 & § 1927 Sanctions (First Motion) (Dkt. 75) and Plaintiff's Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 and 28 U.S.C. § 1927 (Second Motion) (Dkt. 86). Defendant filed responses to both motions. Dkts. 76 and 88. Plaintiff did not file replies.

Because Grays is not an attorney, the Court construes her filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court may neither act as her advocate nor construct arguments or legal theories for her in the absence of any reference to those issues in her filings. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990). Because the First Motion fails to articulate

conduct violating Rule 11 or § 1927, that motion is denied. The Second Motion is denied because it is untimely, but it also fails to articulate conduct violating § 1927.

## THE FIRST MOTION

Plaintiff's First Motion seeks sanctions against Defendant under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Dkt. 75, p.1. Curiously, though, Plaintiff never explains why she believes sanctions should be imposed under either authority. After providing background to the case, she immediately launches into an argument that the Court should strike certain of Defendant's affirmative defenses under Fed. R. Civ. P. 12(f), and she explains how, in her view, some of Defendant's denials in its Answer are inconsistent with evidence produced during discovery. *Id.* at pp.4-12. Plaintiff seeks various sanctions as a result, including striking certain affirmative defenses, compelling Defendant to provide a more definitive statement, and payment of all costs, expenses, and fees incurred with the filing of the First Motion.

Defendant argues that Plaintiff fails to address the legal standards governing Rule 11 and § 1927 motions; but even when applying those standards, her First Motion fails. The Court agrees with Defendant.

1. **Rule 11**

Rule 11 provides that by presenting a pleading, written motion, or other paper, to the court, "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances;" (1) the filing is not presented for any improper purpose;

2

(2) the claims and legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification or reversal of existing law; and (3) "the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). The Rule, however, does not apply "to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d).

Rule 11 establishes a standard of objective reasonableness. *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). The test for imposition of Rule 11 sanctions is whether counsel's or a *pro se* party's conduct was reasonable under the circumstances of the case. *See Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). It does not require a finding of subjective bad faith on the part of the offending person. *Cf. Scott v. Boeing Co.*, 204 F.R.D. 698, 700 (D. Kan. 2002) (noting that an attorney's subjective good faith belief in the merits of an argument will not suffice to satisfy the standard of objective reasonableness).

Ultimately, Rule 11 seeks to curb abuses of the litigation process. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991). It is not intended to function as a fee-shifting provision or to reward parties who are victimized by litigation. *See, e.g., Tidik v. Ritsema*, 938 F. Supp. 416, 426 (E.D. Mich. 1996); *Watson v. City of Salem*, 934 F. Supp. 666, 667 (D.N.J. 1996). Further, "[a] motion for sanctions must be made separately from any other motion and must describe the

specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The motion must be served on the party against whom sanctions are sought and may not be filed with the court until 21 days have passed following service. *Id.*

### 2. 28 U.S.C. § 1927

Section 1927 provides "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In the Tenth Circuit, sanctions under Section 1927 do not require a finding of bad faith, but it also does not excuse one who acts with "an empty head and a pure heart." *Hamilton v. Boise Cascade Express,* 519 F.3d 1197, 1202 (10th Cir. 2008). The standard is one of objectively unreasonable conduct. *Id.*

Whether to impose sanctions under § 1927 is a decision the court does not take lightly. *See DMA Int'l, Inc. v. Qwest Commc'ns Int'l, Inc.*, 585 F.3d 1341, 1345 (10th Cir. 2009). Sanctions under § 1927 are appropriate when an attorney's conduct "manifests intentional or reckless disregard of the attorney's duties to the court," *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 2008), or when "an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Miera v. Dairyland, Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998).

### 3. Analysis

While the First Motion invokes Rule 11 and § 1927, its substance is a motion to strike that mirrors (and appears to cut-and-paste from) Plaintiff's Motion for Judgment on the Pleadings (Dkt. 70), which itself is in fact a motion to strike. Yet, Plaintiff followed the safe-harbor provision of Rule 11(c)(2) by serving the First Motion on Defendant and then waiting 21 days to file it with the Court. Thus, the Court liberally construes the First Motion to be what it purports to be by its title, *i.e.*, a motion for sanctions.

As mentioned above, the arguments contained in the First Motion relate not to Rule 11 or § 1927. They instead focus on certain affirmative defenses asserted in Defendant's Answer and on perceived incongruity between Defendant's admissions or denials of allegations and discovery it produced. Dkt. 75, pp.4-12. Aside from the title of the First Motion, its conferral statement, its conclusion, and its certificate of service, Plaintiff makes no mention of Rule 11, § 1927, or sanctions.

Plaintiff makes no legal argument explaining why she believes sanctions are appropriate under either authority. She fails to "describe the specific conduct that allegedly violates Rule 11(b)." *See* Fed. R. Civ. P. 11(c)(2). Even if she intended to argue that Defendant's affirmative defenses and pleading responses in its answer are the basis for sanctions, she has failed to connect the dots. Moreover, the First Motion argues for relief other than true Rule 11 sanctions:

- "The Answer . . . should be amended to comply with Rule 8 and 12

5

> requirements . . ." (Dkt. 75, p.6);

- "Plaintiff respectfully requests this Court Strike (sic) the First, Second, and Eighth Affirmative Defenses of Defendant . . ." (*id.* at p.6);

- "the first affirmative defense ought to be stricken" (*id.* at p.8);

- "This type of statement [contained in the eighth affirmative defense] serves no real purpose in the litigation and should be stricken" (*id.* at p.9 (cleaned up)); and

- "the Court should grant Plaintiff's motion to strike Defendant's first, second, and eighth, affirmative defenses with prejudice" (*id.*).

Such requests are specifically forbidden by Rule 11. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion . . . ."); *see also* Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.").

Nor has Plaintiff demonstrated any conduct by defense counsel that meets the requirements of § 1927. She has not proffered anything to suggest that defense counsel has "multiplie[d] the proceedings in [this] case unreasonably and vexatiously." *See* 28 U.S.C. § 1927. She cites nothing to show defense counsel has "manifest[ed] intentional or reckless disregard of the attorney's duties to the court." *See Braley,* 832 F.2d at 1512.

Defendant's response to the First Motion points out these deficiencies in the First Motion. And yet, Plaintiff failed to address any of these issues through a reply brief because she did not file one. Plaintiff has failed to meet her burden to establish that sanctions are warranted under Rule 11 or § 1927.

## THE SECOND MOTION

Plaintiff filed the Second Motion on August 8, 2023. Dkt. 86. The Second Motion seeks various sanctions, including dispositive sanctions on certain of Plaintiff's claims, pursuant to Fed. R. Civ. P. 37 and again 28 U.S.C. § 1927. *Id.* at p.1. According to Plaintiff, sanctions are warranted because Defendant and its counsel "express[ed] an unwillingness to abide by Orders of this Court, Rules of this Court, and Laws of this land . . ." and for failing to make deponents available. *Id.*

Defendant responds that discovery closed five months earlier, on March 7, 2023, it has a pending motion for summary judgment, and Plaintiff is effectively seeking to reopen discovery. Dkt. 88, pp.2-3.

1. **Rule 37**

While the Federal Rules of Civil Procedure do not provide a deadline for filing a motion to compel or for sanctions under Rule 37, the courts generally look to the discovery deadline when considering whether a motion to compel is timely. *See Colo. Mont. Wyo. State Area Conf. of the NAACP v. Smith*, No. 1:22-cv-00581-CNS-NRN, 2024 WL 293913, at *3 (D. Colo. June 11, 2024) (holding motion for sanctions filed 13 months after close of discovery was untimely); *see also Days Inn Worldwide, Inc., v. Sonia Invs.*, 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases). Other factors courts have considered include: (1) the length of time since the discovery deadline expired; (2) the length of time that the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the

tardiness or delay in filing the motion to compel; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom the discovery is being sought; and, (8) any disruption of the court's schedule. *See Days Inn Worldwide*, 237 F.R.D. at 398.

### 2. Analysis

Plaintiff waited too long to file her Second Motion. The Court finds the Second Motion untimely. Discovery closed March 7, 2023. Dkt. 67. The dispositive motions deadline was April 6, 2023. *Id.* Plaintiff waited over five months following the close of discovery to file the Second Motion on August 8, 2023. Dkt. 86. She was plainly aware of the bases for the Second Motion at least as early as May 26, 2023, when she filed her Response to Defendant's summary judgment motion because that responsive pleading raises the same issues raised in the Second Motion. *See* Dkt. 83. And Plaintiff was plainly aware of her claimed discovery issues regarding depositions no later than the date of the second deposition—March 7, 2023.

This Court previously extended the discovery deadline. Plaintiff offers no explanation for the lateness of the Second Motion and she filed no reply to address the arguments raised by Defendant, including its argument that Plaintiff is attempting to reopen discovery without addressing the requisite standard. Dkt. 88, pp.3-4.

Notably, not only did Plaintiff file the Second Motion after the close of discovery, but she also filed it after the deadline for dispositive motions and after

8

Defendant filed its motion for summary judgment. Again, she offers no explanation at all for its lateness. The Second Motion is denied as untimely.[1] *See Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012) (upholding district court decision to deny motion to compel as untimely); *Norton v. City of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005) (per curiam) (noting the district court had discretion to deny motion to compel as untimely).

\* \* \*

For the reasons shared above, both the First and Second Motions are DENIED WITH PREJUDICE.

DATED: June 26, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge

---

[1] The entire Second Motion is untimely. To the extent consideration of the § 1927 request for sanctions should be considered separately from the Rule 37 request, Plaintiff has failed to show defense counsel's conduct was unreasonable, when viewed objectively, to meet the standard under § 1927.